GREEN v. MEYER.

(Supreme Court, Trial Term, New York County. March, 1897.)

LIBEL AND SLANDER—MALICE—STATEMENTS BY AUCTIONEERS.

    Actual malice must be shown to sustain an action against an auctioneer for saying of plaintiff, who had made the highest bid at an auction sale: "You can't have this property. You are an irresponsible person. I have done business with you before,"—since the occasion rebuts the presumption of malice.

Action by Emil Green against Peter F. Meyer to recover $25,000 damages for slander. Defendant moves to dismiss the complaint. Granted.

Burnham Kalisch, for plaintiff.
Stern & Rushmore, for defendant.

McADAM, J. The plaintiff attended a public sale August 16, 1894, at which the defendant was auctioneer. The plaintiff bid $500 on certain property, and handed the defendant his card, whereupon the defendant, according to the plaintiff's testimony, said: "You can't have this property. You are an irresponsible person. I have done business with you before." And according to the testimony of the plaintiff's witness Bach, the defendant said: "I don't want to take your bid. I have had business relations with you before, and they were not satisfactory. I don't consider you are a responsible man." The property was again put up, and bid in by another at the same price, and the sale closed. The complaint charges that the words were uttered maliciously, but there is no proof upon that subject. "The cases of actionable slander were defined by Chief Justice De Grey in the leading case of Onslow v. Horne, 3 Wils. 177, and the classification made in that case has been generally followed in England and this country. According to this classification, slanderous

44 N.Y.S.—6

words are those which (1) import a charge of some punishable crime; or (2) impute some offensive disease which would tend to deprive a person of society; or (3) which tend to injure a party in his trade, occupation, or business; or (4) which have produced some special damage." Moore v. Francis, 121 N. Y. 203, 23 N. E. 1127. The present action certainly does not fall within the first or second classification; nor does it come within the third, because there is neither allegation nor proof that the words related to the plaintiff's calling, and they did not inferentially concern it. It is not enough that the words may tend to injure him in his calling unless they are spoken of him in reference to his business character. Van Tassel v. Capron, 1 Denio, 250; Kinney v. Nash, 3 N. Y. 177; Sanderson v. Caldwell, 45 N. Y. 398; Ireland v. McGarvish, 1 Sandf. 155. The fourth head is inapplicable because special damages are not pleaded. The occasion upon which the words were uttered was one when the defendant, as auctioneer, had the right to be satisfied that purchasers not paying for the property at the time were responsible; and, if he had any doubt as to the responsibility of the plaintiff, he had the right to make the fact known, and seek other bids. 1 Am. & Eng. Enc. Law, 989. Whether the plaintiff was in fact responsible is not the question on trial. The action is for slander, and the sole question is whether it is maintainable. The communication was made on an occasion which rebuts the presumption of malice (even if the words be deemed slanderous), and put upon the plaintiff the burden of proving malice in fact; i. e. that the defendant was actuated by motives of personal spite or ill will, or of culpable recklessness or negligence. Townsh. Sland. & L. (4th Ed.) 299. No malice having been proved, it must be inferred that the words were uttered by the defendant in good faith in the performance of his duty as auctioneer. For these reasons the complaint must be dismissed.